UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA )   | |
| ) | Case No. 1:21-CR-41 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| JATONI CRAYTON ) | |

## **M E M O R A N D U M**

Before the Court is Defendant's first motion to dismiss the Indictment against him (Doc. 2) for violating the Speedy Trial Act and the Sixth Amendment. (Doc. 91.) The United States of America (the "Government") has responded. (Doc. 97.) For the reasons below, the Court will **GRANT** Defendant's motion (Doc. 91) and dismiss the Indictment as to Defendant (Doc. 2) **WITHOUT PREJUDICE**.

## I. BACKGROUND

On April 27, 2021, Defendant was charged with one count of possessing a firearm while knowing he was a user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). (Doc. 2 at 1.) Codefendant Joe Humphrey ("Humphrey") was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (*Id.*) Defendant appeared before the court for arraignment on May 7, 2021. (Doc. 12.) Defendant was detained following his arraignment. (Doc. 13.) On May 13, 2021, Defendant moved for a detention hearing. (Doc. 20.)

While Defendant's motion for bond was pending, Humphrey filed a motion to continue the dates and deadlines on June 8, 2021, and the Court granted this motion on June 10, 2021. (Doc. 27; Doc. 30.) Defendant's detention hearing was held on June 1, 2021, and he was ordered to be detained. (Doc. 32.)

On August 10, 2021, Defendant moved to continue the deadlines and trial date, and the Court granted this motion on August 12, 2021. (Doc. 33; Doc. 34.) On September 15, 2021, Defendant again moved to continue the deadlines and trial date, and the Court granted this motion on September 21, 2021. (Doc. 35; Doc. 36.) On October 8, 2021, Defendant filed a notice of attorney substitution. (Doc. 37.) Defendant moved to continue the deadlines for a third time on October 13, 2021, and the Court granted this motion on October 18, 2021. (Doc. 39; Doc. 40.) Defendant filed a fourth motion to continue the deadlines on December 1, 2021, and the Court granted this motion on December 6, 2021. (Doc. 41; Doc. 42.) Defendant moved to continue the deadlines for a fifth time on December 22, 2021, and the Court granted this motion on December 28, 2021. (Doc. 43; Doc. 44).

Defendant filed a motion to suppress on January 26, 2022. (Doc. 45.) The magistrate judge recommended the motion to suppress be denied on July 22, 2022, and this Court adopted that recommendation over Defendant's objection on September 21, 2022. (Docs. 56, 57, 60.) Humphrey filed a motion to suppress on November 3, 2022. (Doc. 64.) The hearing on Humphrey's motion was continued four times upon motion of those parties. (Docs. 69, 72, 75, 77.) Then, on March 21, 2023, the magistrate judge heard arguments on the suppression motion. (Doc. 79.) On May 26, 2023, the magistrate judge recommended Humphrey's motion to suppress be denied, and this Court adopted that recommendation on June 14, 2023. (Doc. 81; Doc. 82.) The parties' trial date was reset, and Humphrey filed a motion to continue on July 21, 2023. (Doc. 89.) The Court granted Humphrey's motion on July 26, 2023. (Doc. 90.)

Defendant filed the current motion to dismiss on speedy trial grounds on September 21, 2023. (Doc. 91.) The Government responded on October 2, 2023. (Doc. 97.) This matter is now ripe for review.

2

## II.      DISCUSSION

Defendant argues that the Indictment against him should be dismissed with prejudice for violating the Speedy Trial Act and for violating his Sixth Amendment right to a speedy trial. The Government concedes that a Speedy Trial Act violation has likely occurred but argues that the dismissal should be without prejudice. Additionally, the Government argues that no Sixth Amendment speedy trial right violation has occurred.

### A.      Speedy Trial Act

The Speedy Trial Act provides as follows:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). If a Defendant is not brought to trial within seventy days, the indictment "shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2).

Here, the Indictment against Defendant was returned on April 27, 2021. (Doc. 2.) However, he did not appear before a judicial officer until May 7, 2021. (Doc. 9.) Accordingly, the clock began to run on May 7, 2021, for the purposes of the Speedy Trial Act.

Defendant argues that "approximately 857 days" have passed since the Speedy Trial Act clock began to run. (*See* Doc. 92 at 3.) He argues a violation has occurred even omitting time excludable under the Act. (*See id.*) The Government agues that "219 days of non-excludable delay have elapsed." (Doc. 97 at 9.) As such, the Government agrees, "a violation of the *Speedy Trial Act* has likely occurred." (*Id.*)

3

Given these facts, the Court finds that a violation of Defendant's rights under the Speedy Trial Act has occurred. The next question is whether the Indictment should be dismissed with or without prejudice.

In determining whether to dismiss the Indictment against Defendant with or without prejudice, the Court is instructed to consider "the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2).

### 1. Seriousness of the Offense

The first factor for the Court to consider is "the seriousness of the offense." 18 U.S.C. § 3162(a)(2). This factor is not a "mechanical test based upon the [Sentencing] Guidelines," but instead "demands that the gravity of the crime be carefully considered as a factor in deciding whether to dismiss without prejudice." *United States v. Pierce*, 17 F.3d 146, 149 (6th Cir. 1994.)

Defendant argues, "the charge involves possession of a firearm by the Defendant, while being a user of marijuana. But for the Defendant's alleged use of marijuana, his possessing the firearm would be legal. The Defendant, therefore, submits that the charged offense is relatively non-serious when compared to the vast majority of possible criminal conduct." (Doc. 92 at 4–5.)

The Government responds, "[t]his is a serious offense. The defendant unlawfully possessed a firearm and fled from police while in possession of said firearm." (Doc. 97 at 10.)

The Court agrees with the Government's view that this is a serious offense. In *United States v. Moss*, the Court of Appeals for the Sixth Circuit stated that it "has categorically labeled drug offenses as serious." *United States v. Moss*, 217 F.3d 426, 431 (6th Cir. 2000) (quoting *United States v. Kottmyer*, 961 F.2d 569, 572 (6th Cir. 1992)). Additionally, the Court notes that possessing a firearm while under the influence of an intoxicating substance could have caused

4

Defendant to harm himself or another member of the community. Although no one was injured in this situation, harm was a possibility based upon the alleged presence of drugs and a firearm. Accordingly, Defendant's conduct was at least somewhat serious even though more severe criminal conduct was possible.[1]

### 2. Facts and Circumstances of the Case

The second factor for the Court to consider is "the facts and circumstances of the case which led to the dismissal." 18 U.S.C. § 3162(a)(2). Because "the prosecutor and the court have 'an affirmative constitutional obligation' to try the defendant in a timely manner," "the burden is on the prosecution to explain the cause of the pre-trial delay." *United States v. Graham*, 128 F.3d 372, 374 (6th Cir. 1997).

Defendant argues that this factor weighs in favor of dismissal with prejudice. (Doc. 92 at 5.) Defendant states, "[t]he primary reason for delay of the case involves actions taken by the Co-Defendant, which have le[d] to an unreasonably lengthy period of time to resolve his motion to suppress. The Co-Defendant also took steps in obtaining new counsel, which has and will undoubtedly lead to further delay." (*Id.*)

The Government responds, "[t]he United States has done nothing to delay this case." (Doc. 97 at 10.) The Government argues the delay has been caused by "multiple motions to continue by the defendant and his codefendant, litigation of two motions to suppress, and litigation of a motion to withdraw filed by co-defendant Humphrey." (*Id.*)

---

[1] Other courts have also looked at the possible sentencing range for a crime to determine its degree of seriousness. *See United States v. Koory*, 20 F.3d 844, 847 (8th Cir. 1994); *see also United States v. Klanseck*, 246 F.Supp.3d 1198, 1203 (E.D. Mich. 2017). The Court notes that the sentencing range for a conviction of 922(g) is up to fifteen years imprisonment. However, in the absence of Defendant's entire criminal history, this Court cannot accurately determine the applicable guideline range for Defendant.

The Court agrees with the Government on this factor. First, neither party argues that the Government purposefully delayed prosecution of Defendant's case. (*Compare* Doc. 92 at 5, *with* Doc. 97 at 11) (reasoning that the United States has not been at fault for the delays in this case.) Instead, both place the blame on Humphrey's decision to file multiple motions. However, the record does not show that Defendant filed a motion to sever the cases. And, as stated by the Court of Appeals, "an exclusion as to one defendant applies to all codefendants." *United States v. Holyfield*, 802 F.2d 846, 848 (6th Cir. 1986). Here, the exclusions caused by Defendant's codefendant also apply to him. In sum, the facts and circumstances of the case support a dismissal without prejudice.

### 3. Impact of Reprosecution

The final factor for the Court to consider is the "impact of a reprosecution on the administration of this chapter and on the administration of justice." 18 U.S.C. § 3162(a)(2). "The main considerations that courts have taken into account when examining this factor are whether the defendant suffered actual prejudice as a result of the delay . . . and whether the government engaged in 'prosecutorial misconduct that must be deterred to ensure compliance with the Act.'" *United States v. Howard*, 218 F.3d 556, 562 (6th Cir. 2000) (quoting *United States v. Pierce*, 17 F.3d 146, 149 (6th Cir. 1994).

Defendant argues this factor weighs in his favor because "the charge is a relatively non-serious offense which is non-violent in nature." (Doc. 92 at 5.) Defendant also states, "it is worth noting that the Defendant has been in custody throughout the prosecution of this case. Re-prosecution would only serve to punish the Defendant by potentially restricting his freedom again." (*Id.*)

6

The Government responds, "re-prosecution of the defendant would be in the interest of justice." (Doc. 97 at 11.) The Government also argues Defendant "cannot point to any particularized prejudice to his defense resulting from the delay." (*Id.*)

This factor also weighs in favor of the Government. Defendant has not identified any "particularized prejudice to his defense" that resulted from the delay in his trial. *See Howard*, 218 F.3d at 562. Additionally, there is no evidence of "bad faith or a pattern of negligence on the part of the government that would warrant dismissal with prejudice for the sake of deterrence." (*Id.*)

Applying the Speedy Trial Act factors, the Court finds that each factor weighs in favor of the Government. First, Defendant's alleged conduct of possessing a firearm while being an unlawful user of a controlled substance is a serious offense. Second, the facts and circumstances of this case show that the Government has not purposefully delayed the prosecution of this case. Finally, there is no evidence of prosecutorial misconduct such that Defendant has been prejudiced by the delay in his trial. Therefore, the Court will **DISMISS** the Indictment as to Defendant (Doc. 2) **WITHOUT PREJUDICE** for violating the Speedy Trial Act.

### B. Sixth Amendment

Defendant's motion also argues that the Government violated his Sixth Amendment right to a speedy trial. (Doc. 91.)

To determine whether a Sixth Amendment violation has occurred, the Supreme Court has instructed courts to consider the "[l]ength of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *Barker v. Wingo*, 407 U.S. 514, 530 (1972). However, no one factor is dispositive and the Court "must still engage in a difficult and sensitive balancing process." *Id.* at 533.

### 1. The Length of the Delay

The first factor for the Court to consider here is the length of the delay. *Id.* at 530. The Supreme Court has stated that this factor is a "triggering mechanism." *Id.* "Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other facts that go into the balance. Nevertheless . . . the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." *Id.* at 530–31. The Court of Appeals for the Sixth Circuit has held that "a delay of one year *is* presumptively prejudicial and triggers application of the remaining three factors." *United States v. Bass*, 460 F.3d 830, 836 (6th Cir. 2006) (emphasis added).

Here, the Government acknowledges Defendant "appeared for an initial appearance on May 7, 2021 [and] filed this motion to dismiss on September 11, 202[3]. Clearly, more than one year has passed, and the Court should consider the remaining factors." (Doc. 97 at 12).

Because the parties agree that the delay has spanned at least one year, the Court will examine the remaining factors.

### 2. The Reason for the Delay

The purpose of inquiring into the reason for the delay is to determine "whether the government or the criminal defendant is more to blame for [the] delay." *Maples v. Stegall*, 427 F.3d 1020, 1026 (6th Cir. 2005). The Court of Appeals has offered guidance on the relative strength of various delays, stating that "government delays motivated by bad faith, harassment, or attempts to seek a tactical advantage weigh heavily against the government." *Id.* However, delays caused by "the complexity of the case and the large number of defendants support a finding that no Sixth Amendment violation occurred." *Id.*

Defendant does not provide a reason for the Government's alleged delay in prosecuting his case. However, the Government argues that Defendant has been the cause of the delay. Specifically, the Government states, "[a]nalysis of the delay under the Speedy Trial Act demonstrates the true measure of the delay in this case, the vast majority the result of motions to continue (five) by the defendant or his co-defendant (two) or litigation of motions to suppress." (Doc. 97 at 13.)

The Court agrees that the Government is not more to blame than Defendant. Although Defendant's case has been delayed, the majority of the delay has been the result of motions filed by Defendant or Humphrey and not "bad faith, harassment, or attempts to seek a tactical advantage" on behalf of the Government. Accordingly, the second factor does not weigh in favor of finding a Sixth Amendment violation.

### 3. The Defendant's Assertion of his Speedy Trial Right

The third factor for the Court to consider is whether Defendant asserted his right to a speedy trial.

The Government concedes that Defendant asserted his right to a speedy trial. (*See* Doc. 97 at 13.) However, the Government argues that Defendant asserted this right "following the granting of his multiple motions to continue and litigation of his motion to suppress, and without the filing of a motion to sever." (*Id.*)

The Court agrees with the Government on this factor. Although the Government filed two motions for extension of time to respond to Defendant's motion to suppress (Doc. 66; Doc. 77), all remaining continuances were requested by Defendant or his codefendant. Accordingly, Defendant's assertion of his right to a speedy trial is not to be given greater weight given the procedural posture of the case.

9

### 4. Prejudice to the Defendant

The final factor the Court must consider is any prejudice to Defendant. "Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. The Supreme Court has identified three interests, including "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* "The most important factor under prejudice is possible impairment of the defense." *Howard*, 218 F.3d at 564. "When the government prosecutes a case with reasonable diligence, a defendant who cannot demonstrate how his defense was prejudiced with specificity will not make out a speedy trial claim no matter how great the ensuing delay." *Id.*

Here, Defendant has not cited any evidence that he has been prejudiced in attempting to defend his case. Additionally, he has not shown any lack of reasonable diligence on behalf of the Government. Even taking into account the Government's two requests for extension of time to reply to Humphrey's motion to suppress, Defendant still has not shown that these requests amount to a lack of reasonable diligence and not "inevitable and wholly justifiable" pretrial delays. *Id.* Accordingly, the Court does not find that the delay to his trial by itself raises a presumption of prejudice. *See id.* at 564–65 (citing *Doggett v. United States*, 505 U.S. 647 (1992)).

In the absence of evidence of bad faith on behalf of the Government or prejudice to the Defendant, the Court does not find that a Sixth Amendment speedy trial right violation has occurred.

### III. CONCLUSION

For the reasons discussed above, the Court finds that a violation of the Speedy Trial Act has occurred. However, Defendant's Sixth Amendment right to a speedy trial has not been violated.

Accordingly, the Indictment against Defendant (Doc. 2) will be **DISMISSED WITHOUT PREJUDICE** for violating the Speedy Trial Act.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER
UNITED STATES DISTRICT JUDGE**